573 P.2d 920

**A. W. LAKE, Appellant,**

v.

**James STEWART and Jane Doe Stewart, husband and wife, Appellees.**

**No. 1 CA–CIV 3377.**

Court of Appeals of Arizona, Division 1, Department A.

Dec. 2, 1977.

---

Richard A. Wilson, Phoenix, for appellant.

Marvin Johnson, P. C. by Philip C. Gerard, Phoenix, for appellees.

## OPINION

FROEB, Chief Judge.

Appellant A. W. Lake entered into an oral agreement for the month-to-month rental of certain real property belonging to

appellee James Stewart. Lake sought to use the premises as an engine repair shop and began doing business in November 1973. The exact terms of the agreement relating to the rent remained unsettled during the tenancy and became the subject of the main controversy between the parties in this suit. After several months Stewart asserted a landlord's lien for unpaid rent and locked Lake out of the property. Contending that he had paid the full rent agreed upon, Lake brought this suit for damages for breach of the rental agreement and for wrongful assertion of a landlord's lien. After a trial to the court, judgment was entered in favor of Stewart. Lake appeals from the judgment. The trial court made no findings of fact or conclusions of law since none were requested.

■ The first issue for our consideration relates to the sufficiency of the evidence to sustain the dismissal of the complaint. It is well settled that where there are no findings of fact, we must assume the trial court made all the necessary findings to support the judgment. *Bud Antle, Inc. v. Gregory,* 7 Ariz.App. 291, 438 P.2d 438 (1968).

■ Lake argues that Stewart wrongfully asserted a landlord's lien because the rent was not in arrears when the lien was asserted. The parties disagreed on how the rent was to be computed, and the evidence on the issue of arrearages was conflicting. However, since there is sufficient evidence to support a finding that there existed an arrearage in rent at the time the lien was asserted, the trial court's determination on this issue is controlling.

■ Nevertheless, Lake contends that, even if the rent was in arrears, he was entitled to ten days' notice from Stewart before the lien could be asserted. There is no support for this contention. A.R.S. § 33–341(B) provides: "A lease from month to month may be terminated by the land-

lord giving at least ten days notice thereof. In case of nonpayment of rent notice is not required." A.R.S. § 33–361(D) provides: "If the tenant refuses or fails to pay rent owing and due, the landlord shall have a lien upon and may seize as much personal property of the tenant located on the premises and not exempted by law as is necessary to secure payment of the rent." Since Lake had not paid rent which was owing and due, Stewart was entitled to assert his landlord's lien without the giving of any notice.

We turn to Lake's next contention which we find to be meritorious.

The trial court entered judgment in favor of Stewart and against Lake in the amount of $1650 based upon an oral counterclaim first asserted by Stewart after Lake had rested his case.

■ The facts supporting the counterclaim revolve around a claimed loan that Stewart made to Lake. Stewart allowed Lake to enter the premises some eleven weeks prior to the beginning of the rental arrangement in order to make the property ready for business. For each week during this period, Stewart gave Lake $150. At trial Stewart claimed the money represented a loan which Lake could repay after the business was started. Lake claimed the money represented wages for making the property ready for use under the rental arrangement. The total amount was $1650. There is sufficient evidence to sustain the trial court's determination that the money represented a loan.

■ We find, however, that it was error for the court to allow, over the objection of Lake, the assertion of the counterclaim for the first time during the course of the trial.

Stewart contends that the trial court could exercise its discretion to allow the counterclaim by reason of R.Civ.Proc., Rules 13(f) and 15(b).[1] He argues that

---

1. Rule 13(f) provides:
   When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by

leave of court set up the counterclaim by amendment.
Rule 15(b) provides:
When issues not raised by the pleadings are tried by express or implied consent of the par-

since evidence concerning the loan was received without objection, the issue was tried by the implied consent of the parties and should be treated as having been raised in the pleadings; and, therefore, the court could amend the pleadings to conform to the evidence.

The fallacy of this argument is that the issue of the loan was not tried by the consent of the parties. Evidence was given early in the case on whether the weekly payment of $150 represented a loan or wages. At the time the evidence was offered, its relevance went to the question of whether sums loaned to Lake and not repaid supported a landlord's lien by Stewart. While that issue became moot because the trial court determined that unpaid rent supported the lien, The evidence was nevertheless a part of the testimonial record. Lake did not object to the record at that time, but the issue of a counterclaim was not then before the court. When Stewart later made the motion to amend to assert the counterclaim, Lake did object to the introduction of the issue and the testimony relevant to the issue. We, therefore, reject Stewart's argument and hold that it was error for the trial court to permit, over the objection of the opposing party, the assertion of a counterclaim for the first time during the trial.

■ Rule 13(f) authorizes the assertion of a counterclaim by amendment under the circumstances enumerated, but the rule must be read to mean that the discretion of the trial court to allow such an amendment ends once the trial begins, unless the opposing party consents to the assertion of the counterclaim or the trial is continued. A contrary interpretation would set a trap for the opposing party; he would not have an opportunity to properly prepare and defend against the counterclaim.

■ Rule 15(b) does not cure the procedural error. In the first place, there is no indication in the record that Lake expressly or impliedly consented to a trial of a counterclaim concerning the claimed loan. Without such consent, there is no basis for amending the pleadings to conform to the evidence. We also hold that the portion of Rule 15(b) which allows the pleadings to be amended over the objection of a party "when the presentation of the merits of the action will be subserved thereby" has no application to the mid-trial assertion of a counterclaim. Stewart relies on *Smith Contracting Corp. v. Trojan Construction Co.,* 192 F.2d 234 (10th Cir. 1951) to support his argument, but the case is inapplicable since the plaintiff there did not object to the procedure.

■ Finally, it should be noted that the trial court took Stewart's motion to amend to assert the counterclaim under advisement and did not rule upon it until three months after the trial. While we have found the order allowing the counterclaim erroneous on other grounds, the delayed ruling obviously prevented Lake from defending against the counterclaim at trial. We find that, under the circumstances, this, too, was error. We do not think Lake's failure to move for reopening of the proceedings, when the trial court ruled three months after the trial, should preclude him from asserting the error.

For the foregoing reasons, the judgment of the trial court dismissing the complaint is affirmed. The judgment granting the counterclaim is reversed.

NELSON, P. J., and WREN, J., concur.

ties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment, but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.