1 P.3d 823

**Joann SANDERS d/b/a Bolt Staffing Services, Plaintiff–Respondent,**

v.

**David LANKFORD, d/b/a Northwestern Parts Washer, Defendant–Appellant.**

No. 25266.

Court of Appeals of Idaho.

May 8, 2000.

Racine, Olson, Nye, Budge & Bailey, Pocatello, for appellant. John R. Goodell argued.

Maguire & Kress, Pocatello, for respondent. David R. Maguire argued.

PERRY, Chief Judge.

David Lankford, d/b/a Northwestern Parts Washer, appeals from an order of the district court affirming the magistrate's denial of costs and attorneys fees. For the reasons set forth below, we reverse and remand the case for further proceedings.

## I.

### BACKGROUND

Joann Sanders, d/b/a Bolt Staffing Services, provided temporary employees to other businesses. The business receiving the

temporary employee services generally contracted with Sanders to pay her directly for the services. Sanders then paid the temporary employee. David Lankford was the president and principal shareholder of a corporation called "Northwestern Parts Washer, Inc." In January 1997, Lankford signed a contract for the procurement of temporary employee services from Sanders. The signature line on the contract read as follows:

Northwestern Parts Washer

BY _____

DATE _____

Lankford placed his signature after the word "by" and inserted the date. Although the initial contract did not include "Inc." after Northwestern's name, all subsequent billings were sent to "Northwestern Parts Washer, Inc."

Sanders filed a complaint in June 1997, seeking to recover past-due payments owed to Sanders pursuant to the foregoing contract for temporary employee services. Specifically, Sanders named "David Lankford d/b/a Northwestern Parts Washer" as the defendant. Soon after the complaint was filed, the past-due payments were paid in full, and Lankford filed a motion to dismiss. After a hearing, the magistrate granted Lankford's motion to dismiss on the ground that Sanders had "failed to name the proper party in the commencement of the lawsuit." The magistrate's order granting Lankford's motion to dismiss stated:

> The [temporary employee services contract] sent by Bolt to Lankford addresses him as Northwestern Parts Washer and not as a corporation. The signature of Northwestern Parts Washer is not more than a mark of some sort. Attached to the Affidavit of Joanne Sanders, owner of Bolt, are invoices showing that Bolt billed Lankford as a corporation, i.e. Northwestern Parts Washer, Inc. For billing purposes, it appears Bolt looked upon Northwestern Parts Washer as a corporate entity. The simple fact in this case is that Lankford was sued individually rather than having the business sued in its corporate capacity.

> A corporation is a distinct juristic personality. Lankford was not doing business as a sole proprietorship but was doing business as a corporation. Bolt failed to name the proper party in the commencement of this lawsuit. Also, the proper entity was not served with summons naming the corporation as a Defendant and as a result the Complaint is DISMISSED without prejudice.

Lankford then filed a motion for an award of $1,205 in attorney fees pursuant to I.C. § 12–120. After a hearing, the magistrate issued an order denying Lankford's motion. The magistrate's order stated:

> This case came to life upon [Sanders] filing a Complaint seeking a Judgment against [Lankford] in the amount of $9,495.65, and attorney's fees in the amount of $2,500. [Lankford] tendered payment of the claim to [Sanders] at or about the same time the Complaint was filed. The Court previously dismissed [Sanders'] claim and denied [Sanders'] request for attorney's fees.

> Subsequent to the Court denying Sanders request for attorney fees, [Lankford] filed a request for attorney's fees in the amount of $1,205. [Lankford] asserts that he was the prevailing party and therefore, should be granted the attorney's fees.

> [Lankford] makes a strong argument for attorney's fees in that [Sanders'] Complaint was dismissed. It would appear on the surface that [Lankford] was the prevailing party. However, this Court has also considered the fact that [Lankford] paid [Sanders] $9,495.65, which amount was the entire amount demanded in the Complaint. It is difficult to see [Lankford] as the prevailing party in a case where he paid the claim. The only reason these proceedings were filed was due to [Lankford's] recalcitrance in paying the money owed. It was [Lankford's] behavior which gave life to this lawsuit and created the attorney's fees. The facts of this case convince this Court that [Lankford] is not a prevailing party and therefore, [Lankford's] request for attorney fees is DENIED.

Lankford appealed to the district court, which affirmed the magistrate's denial of his motion for attorney fees. Lankford again

appeals, asserting that it was error for the magistrate to hold that he was not the prevailing party and thus not entitled to an award of attorney fees under I.C. § 12–120.

## II.

## ANALYSIS

On review of a decision of the district court, rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *Hentges v. Hentges,* 115 Idaho 192, 194, 765 P.2d 1094, 1096 (Ct.App.1988).

Idaho Code Section 12–120(3) provides that an award of attorney fees to the prevailing party is mandatory in various types of civil actions including, *inter alia,* actions to recover on an open account, actions to recover on contracts for the sale of goods, and actions arising out of any commercial transaction.[1] The parties agree that the present action falls within the purview of this statute. They disagree only as to whether Lankford qualifies for such an award as a prevailing party.

The determination of whether a litigant is the prevailing party is committed to the discretion of the trial court. I.R.C.P. 54(d)(1)(B); *Caldwell v. Idaho Youth Ranch, Inc.,* 132 Idaho 120, 127, 968 P.2d 215, 222 (1998); *Chadderdon v. King,* 104 Idaho 406, 411–12, 659 P.2d 160, 165–66 (Ct.App.1983). On appellate review, we examine the trial court's decision to determine whether the trial court correctly perceived the issue as one of discretion, acted within the boundaries of its discretion and consistently with applicable legal standards, and reached its decision by an exercise of reason. *Sun Valley Shopping Center, Inc. v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991); *Jerry J. Joseph C.L.U. Ins. Assoc., Inc. v. Vaught,* 117 Idaho 555, 557, 789 P.2d 1146, 1148 (Ct.App.1990).

On the prevailing party issue, governing legal standards are provided by Idaho Rule of Civil Procedure 54(d)(1)(B), which states:

> In determining which party to an action is a prevailing party and entitled to costs, the trial court shall in its sound discretion consider the final judgment or result of the action in relation to the relief sought by the respective parties, whether there were multiple claims, multiple issues, counterclaims, third party claims, cross-claims, or other multiple or cross issues between the parties, and the extent to which each party prevailed upon each of such issue or claims. The trial court in its sound discretion may determine that a party to an action prevailed in part and did not prevail in part, and upon so finding may apportion the costs between and among the parties in a fair and equitable manner after considering all of the issues and claims involved in the action and the resultant judgment or judgments obtained.

Thus, under I.R.C.P. 54(d)(1)(B), there are three principal factors the trial court must consider when determining which party, if any, prevailed: (1) the final judgment or result obtained in relation to the relief sought; (2) whether there were multiple claims or issues between the parties; and (3) the extent to which each of the parties prevailed on each of the claims or issues. *Chadderdon,* 104 Idaho at 411, 659 P.2d at 165. The result obtained may be the product of a court judgment or of a settlement reached by the parties. *Jerry J. Joseph C.L.U. Assoc.,* 117 Idaho at 557, 789 P.2d at 1148; *Ladd v. Coats,* 105 Idaho 250, 254, 668 P.2d 126, 130 (Ct.App.1983).

In our view, the magistrate did not properly apply the criteria of Rule 54(d)(1)(B) in holding that Lankford was not the prevailing party. The magistrate's determination that Sanders failed to name the proper defendant and the dismissal of Sanders' complaint are not challenged on appeal. Sanders improperly named Lank-

---

1. Idaho Code Section 12–120(3) states in part: "In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney fee...."

ford, individually, rather than the corporation, Northwestern Parts Washer, Inc., as the defendant. The magistrate recognized the distinction between the corporate entity responsible for the debt and the party sued on the debt, Lankford, in its dismissal order. The result obtained in this case was a dismissal of Sanders' action—the most favorable outcome that could possibly be achieved by Lankford as defendant. There were not multiple claims or issues, but a single claim by Sanders for collection of an account receivable, on which Lankford was successful.

■ Although the prevailing party determination is discretionary in nature, this discretion must be exercised within the bounds of governing legal standards. Under some circumstances application of these standards requires a holding that one party is the prevailing party on a particular claim as a matter of law. *Holmes v. Holmes,* 125 Idaho 784, 788, 874 P.2d 595, 599 (Ct.App.1994). This is such a case, for application of the Rule 54(d)(1)(B) factors can lead only to a conclusion that Lankford was the prevailing party.

In arguing that the magistrate did not err in determining that Lankford was not a prevailing party, Sanders relies upon the following language in *Chenery v. Agri–Lines Corp.,* 106 Idaho 687, 692, 682 P.2d 640, 645 (Ct. App.1984):

> Mere dismissal of a claim without a trial does not necessarily mean that the party against whom the claim was made is a prevailing party for the purpose of awarding costs and fees. Dismissal of a claim may be but one of many factors to consider. When the claim was dismissed may be another.

However, Sanders' reliance on this statement is misplaced because the *Chenery* court was addressing a circumstance involving multiple claims and counterclaims. *Chenery* explained:

> Where, as here, there are claims, counterclaims and cross-claims, the mere fact that a party is successful in asserting or defeating a single claim does not mandate an award of fees to the prevailing party on that claim. The rule does not require that.

It mandates an award of fees only to the party or parties who prevail "in the action."

*Id.* at 693, 682 P.2d at 646. Hence the *Chenery* court's comments have little application to a single-claim case like the one before us.

We conclude that, based on the facts presented here, the magistrate's determination that Lankford was not the prevailing party was inconsistent with applicable legal standards and therefore exceeded the bounds of the magistrate's discretion. Consequently, we vacate the magistrate's order and remand the case for further consideration of Lankford's request for attorney fees in light of our holding that Lankford was the prevailing party as a matter of law.

■ The magistrate on remand will be presented with another discretionary decision—the amount of attorney fees to be awarded. A few additional comments are warranted for guidance on that issue. Lankford is entitled to only "a reasonable attorney fee." I.C. § 12–120(3). This amount may be more or less than the sum which the prevailing party is obligated to pay its attorney under their agreement. *Nalen v. Jenkins,* 114 Idaho 973, 976, 763 P.2d 1081, 1084 (Ct. App.1988). What constitutes a reasonable fee is a discretionary determination for the trial court, to be guided by the criteria of I.R.C.P. 54(e)(3). *Kelly v. Hodges,* 119 Idaho 872, 876, 811 P.2d 48, 52 (Ct.App.1991). These criteria include the "time and labor required," I.R.C.P. 54(e)(3)(A), and "any other factor which the court deems appropriate in the particular case," I.R.C.P. 54(e)(3)(L). However, "the court may not focus upon such 'other' factors to the exclusion of the 'time and labor' and the remaining factors listed" in Rule 54(e)(3). *DeWils Interiors, Inc. v. Dines,* 106 Idaho 288, 290, 678 P.2d 80, 82 (Ct.App.1984).

■ Here, the magistrate was concerned that Lankford played a role in the failure of Northwestern Parts Washer, Inc., to timely pay Sanders. This concern might appear on its face to be an "other" factor under Rule 54(e)(3)(L). However, an attorney fee award based upon I.C. § 12–120(3) should not be

characterized as a penalty. *DeWils Interiors, Inc.*, 106 Idaho at 291, 678 P.2d at 83. This Court explained:

> The statute [I.C. § 12–120(3) ] exhibits no punitive purpose. Rather, it treats reasonable attorney fees as a cost of using the court system to resolve disputes in specified types of commercial transactions; and it allocates this cost between the parties. Because this allocation turns solely upon a determination of the prevailing party, the statute is facially neutral. It identifies no favored category of litigant to be rewarded, nor disfavored category to be penalized.
>
> ... [W]e deem it clear that [§ 12–120(3) ], which creates no favorable class, does not impose a penalty. The determination of a reasonable fee under this statute should not be colored by characterizing the award as a penalty.

*Id.* Consequently, the magistrate should refrain on remand from using the attorney fee award to penalize Lankford for any alleged participation he may have had in the corporation's decision to procrastinate its payments to Sanders.

 Both parties have also requested attorney fees on appeal. The mandatory attorney fee provisions of I.C. § 12–120 govern on appeal as well as in the trial court. *Cheney v. Smith*, 108 Idaho 209, 211, 697 P.2d 1223, 1225 (Ct.App.1985); *Boise Truck & Equip., Inc. v. Hafer Logging, Inc.*, 107 Idaho 824, 826, 693 P.2d 470, 472 (Ct.App.1984). This Court has held that the statute does not apply to an appeal that challenges only the *amount* of an award below, but that it does apply if the appeal is concerned with the *entitlement* to an award below. *Building Concepts, Ltd. v. Pickering*, 114 Idaho 640, 645, 759 P.2d 931, 936 (Ct.App.1988); *Spidell v. Jenkins*, 111 Idaho 857, 861, 727 P.2d 1285, 1289 (Ct.App.1986); *Cheney*, 108 Idaho at 211, 697 P.2d at 1225. We deem the issue presented here to be one of entitlement, and Lankford has prevailed on appeal. Accordingly, Lankford is awarded reasonable attorney fees to be determined pursuant to Idaho Appellate Rule 41.

## III.

## CONCLUSION

The decision of the district court affirming the magistrate's denial of costs and attorney fees to Lankford as the prevailing party is reversed and the matter is remanded for further proceedings. Costs and attorney fees on appeal are awarded to appellant, Lankford.

Judge LANSING and Judge Pro Tem MOSS concur.

