72 P.3d 864

Joseph F. ISRAEL and Regina M. Israel, husband and wife, Plaintiffs–Appellants,

v.

Robert B. LEACHMAN and Lenore J. Leachman, husband and wife, and Leachman Family Trust with Robert B. Leachman and Lenore J. Leachman as Trustees, Defendants–Respondents.

No. 28005.

Supreme Court of Idaho, Boise, April 2003 Term.

June 18, 2003.

Walker Law Office, Weiser, for appellants. Lary C. Walker argued.

Nicholas T. Bokides, Weiser, argued for respondents.

WALTERS, Justice

This is an appeal from an order denying a claim for attorney fees under the Consumer Protection Act, Idaho Code § 48–608. The claim was asserted when the appellants (Israels) brought suit over certain structural and water problems that arose with respect to a manufactured home the Israels had purchased from the Leachmans. The Israels' complaint alleged breach of contract, fraud and violation of the Consumer Protection Act. The case went to trial, and the jury found a Consumer Protection Act violation but no intentional misrepresentation. The district court held that each party prevailed in part and denied costs and attorney fees to both parties. We affirm the district court's decision.

## FACTS AND PROCEDURAL BACKGROUND

In 1999, Joseph and Regina Israel entered into a contract with Robert and Lenore Leachman to purchase a 1996 manufactured home located in Midvale, Idaho. The home had been used as a vacation home by the Leachmans. Following the sale, the Israels began to experience many problems with the home. Some of the problems included: cracks in various places throughout the home, buckling of the floor, misalignment of doors and windows, displacement of the floor elevation, sinking of the roof between trusses, movement of the foundation and inability of the sump pumps to remove excessive water from the crawl space under the home.

In 2000, the Israels filed a complaint alleging breach of contract, fraud and various statutory violations. In response, the Leachmans filed an answer alleging multiple affirmative defenses and a third-party complaint asserting that various other parties were responsible for the manufacture and construction of the home and should indemnify and hold the Leachmans harmless. An amended complaint later added an additional theory of a Consumer Protection Act violation.

After discovery and unsuccessful mediation efforts, the parties filed motions for summary judgment. The district court granted summary judgment to the Leachmans on the Israels' claims for rescission of contract and damages for breach of contract, statutory liability relating to the roof snow-load requirements and statutory liability relating to an occupancy permit, on the ground that those issues were encompassed in the Israels' intentional misrepresentation claim.

A jury trial began on July 30, 2001, on the issues of intentional misrepresentation and the violation of the Consumer Protection Act. The jury returned a verdict in favor of the Israels, awarding $10,000 in damages for the Consumer Protection Act violation. The jury found no intentional misrepresentation by the Leachmans.

The district court entered judgment for the Israels in the amount of $10,000. In the judgment, the court ruled that the Israels were entitled to recover their costs and a reasonable attorney fee pursuant to I.C. § 48–608(4). Both parties then filed their requests for attorney fees and costs. Following a hearing, the trial court held that each of the parties prevailed in part and did not prevail in part and denied an award of

attorney fees and costs to both parties. An amended judgment was filed requiring each party to bear its own costs. The Israels timely brought this appeal.

## ISSUES PRESENTED ON APPEAL

1. Did the district court abuse its discretion in denying costs and attorney fees to the Israels?

2. Is either of the parties entitled to attorney fees on appeal?

## STANDARD OF REVIEW

■ The determination of who is a prevailing party, for the purpose of receiving an award of attorney fees, is committed to the sound discretion of the trial court. *Decker v. Homeguard Systems,* 105 Idaho 158, 666 P.2d 1169 (Ct.App.1983). That determination will be disturbed only upon a showing of an abuse of discretion. *McCann v. McCann,* 138 Idaho 228, 61 P.3d 585 (2002). To review an exercise of discretion, this Court applies a three-factor test. The three factors are: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the boundaries of this discretion and consistent with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason. *Baxter v. Craney,* 135 Idaho 166, 169, 16 P.3d 263, 266 (2000) (citing *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991)).

## DISCUSSION

### I.

■ The Israels contend that the district court abused its discretion in denying the award of attorney fees pursuant to I.C. § 48–608(4). The Israels argue that the district court referred to an erroneous legal standard and failed to apply the applicable legal standards while exercising its discretion. The Israels assert that since they were the prevailing party, they are entitled to attorney fees and costs.

The Leachmans assert that the district court did not abuse its discretion by denying

the award of attorney fees to the Israels. The Leachmans argue that I.R.C.P. 54(d)(1)(B) provides that in cases of multiple claims, the extent to which each party prevailed on such issues must be considered by the district court. The Leachmans argue that the record supports that each party prevailed in part.

■ Idaho Code § 48–608 provides, in relevant part:

(4) Costs shall be allowed to the prevailing party unless the court otherwise directs. In any action brought by a person under this section, the court shall award, in addition to the relief provided in this section, reasonable attorney's fees to the plaintiff if he prevails. The court in its discretion may award attorney's fees to a prevailing defendant if it finds that the plaintiff's action is spurious or brought for harassment purposes only.

Idaho Rule of Civil Procedure 54(e)(1) provides, in relevant part:

In any civil action the court may award reasonable attorney fees, which at the discretion of the court may include paralegal fees, to the prevailing party or parties as defined in Rule 54(d)(1)(B), when provided by any statute or contract.

I.R.C.P. 54(d)(1)(B) provides:

(B) Prevailing Party. In determining which party to an action is a prevailing party and entitled to costs, the trial court shall in its sound discretion consider the final judgment or result of the action in relation to the relief sought by the respective parties, whether there were multiple claims, multiple issues, counterclaims, third party claims, cross-claims, or other multiple or cross issues between the parties, and the extent to which each party prevailed upon each of such issue or claims. The trial court in its sound discretion may determine that a party to an action prevailed in part and did not prevail in part, and upon so finding may apportion the costs between and among the parties in a fair and equitable manner after considering all of the issues and claims in-

volved in the action and the resultant judgment or judgments obtained.

The determination of the award of attorney fees under I.C. § 48–608 is made through an application of the prevailing party analysis in I.R.C.P. 54(d)(1)(B). *Nalen v. Jenkins,* 113 Idaho 79, 81, 741 P.2d 366, 368 (Ct.App.1987).

The district court stated:

> Clearly, it seems to me that upon a determination that one party is a prevailing party or the parties have prevailed in part that the provisions of 54(d)(1)(B) apply to the application of attorneys fees. The language of Idaho Code 48–608 dovetails and seems to the court, . . ., is a supplement to and consistent with and not distinguished from the application of Rule 54(d)(1)(B).

The district court first looked at the relief secured by the parties. Then, the district court reviewed the claims between the parties and found that the Israels "clearly prevailed on the deceptive practice under the Idaho Consumer Protection Act." The district court went on to state:

> [h]owever, when examining the totality of the respective claims between the parties, the court would find that the defendants prevailed on the balance of the theories and claims as set forth in the pleadings of the plaintiff, and as they were merged into an action for intentional misrepresentation which provided the burden of proof by clear and convincing evidence.
>
> By this standard the defendants prevailed on the balance of the theories that were raised—theories and claims that were raised. The court believes that under this set of facts that each of the parties prevailed in part and each of the parties did not prevail in part, and as a consequence the court is going to make no provision for attorney's fees and costs and order that each side bear their respective attorney fees and costs.

"Where, as here, there are claims, counterclaims and cross-claims, the mere fact that a party is successful in asserting or defeating a single claim does not mandate an award of fees to the prevailing party on that claim. The rule does not require that. It mandates an award of fees only to the party

or parties who prevail 'in the action.'" *Chenery v. Agri–Lines Corp.,* 106 Idaho 687, 691, 682 P.2d 640, 644 (Ct.App.1984). Further, the fact that a party receives no affirmative relief does not prohibit a party from being deemed a prevailing party. *Chadderdon v. King,* 104 Idaho 406, 411, 659 P.2d 160, 165 (Ct.App.1983).

The district court recognized that the issue of attorney fees was within its discretion and that the Israels, if found to be the prevailing party, could be awarded attorney fees pursuant to I.C. § 48–608(4). *Sanders v. Lankford,* 134 Idaho 322, 325, 1 P.3d 823, 826 (Ct.App.2000) ("The determination of whether a litigant is the prevailing party is committed to the discretion of the trial court."). The district court utilized the prevailing party analysis as set forth in I.R.C.P. 54(e) and 54(d)(1)(B) by looking at the multiple claims of the parties and determining who prevailed on which issues. The district court determined that each party prevailed in part and did not prevail in part and decided that each party should bear its own costs and fees. The district court in making this determination did not venture outside the boundaries of its discretion, nor did the court act inconsistently with the legal standards applicable to the award of attorney fees. Further, the decision to require each party to bear its own fees appears to be reached through the exercise of reason.

The Israels acknowledge that I.C. § 48–608(4) presents no conflict with I.R.C.P. 54(e) and 54(d)(1)(B). However, the Israels urge this Court to adopt a standard different from I.R.C.P. 54(d)(1)(B) for the prevailing party analysis to prevent victims of the Consumer Protection Act from being deprived of an award of attorney fees. We decline to do so. "Under Rule 54(d)(1)(B), a trial court, in the exercise of its discretion, may consider both the presence and absence of awards of affirmative relief, in determining which party prevailed either in whole or in part. We decline to interfere with this determination by limiting the scope of the inquiry available to trial courts in fulfilling their discretionary functions under the rule, except by the established test of whether an abuse of discretion

has occurred." *Chadderdon,* 104 Idaho at 411–412, 659 P.2d at 165–66.

This Court affirms the district court's discretionary decision that the parties each shall bear their own attorney fees and costs.

## II.

 The Israels contend that, if they are the prevailing party on appeal, they should be awarded attorney fees and costs on appeal pursuant to I.C. § 48–608(4) because they prevailed on their Consumer Protection Act claim at trial. However, they are not the prevailing party on this appeal.

The Leachmans assert that they are entitled to an award of attorney fees as the prevailing party on appeal pursuant to I.C. § 12–121. The Leachmans argue that the Israels have only challenged the discretionary determinations of the district court and have failed to raise any novel issues of law or reasoned arguments for overturning precedent.

Idaho Code § 12–121 provides for the discretionary award of reasonable attorney fees to the prevailing party. Attorney fees are awarded on appeal where this Court determines the issues presented to it were "pursued or defended frivolously, unreasonably or without foundation." *Brinkmeyer v. Brinkmeyer,* 135 Idaho 596, 601, 21 P.3d 918, 923 (2001). The award will not be made, however, where this Court is left with the abiding belief that the appeal was not brought or pursued frivolously, unreasonably or without foundation. *Minich v. Gem State Developers, Inc.,* 99 Idaho 911, 591 P.2d 1078 (1979). Under the latter guideline, the Court declines to award attorney fees to the Leachmans.

## CONCLUSION

This Court affirms the decision of the district court requiring each party to bear its own fees and costs. Costs are awarded to the Leachmans; no attorney fees are awarded on appeal.

Chief Justice TROUT and Justices KIDWELL and EISMANN, concur.

Justice SCHROEDER, dissenting.

I respectfully dissent from the determination that Idaho Code section 48–608(4) does not mandate an award of attorney fees. The statute says, "the court shall award, in addition to the relief provided in this section, reasonable attorney's fees to the plaintiff if he prevails." There is no discretion involved. If a party prevails on the Consumer Protection Act claim, he or she is entitled to an award of attorney fees. If there are other claims upon which the party either does or does not prevail, an apportionment is appropriate, limiting the award to the Consumer Protection Act claim.

The Consumer Protection Act is a strong, remedial act. Limiting one of the key remedial features of the act runs contrary to purposes of the act and contrary to the express language of I.C. section 48–608(4).