813 P.2d 380

Wilma Jean PLATT, Personal Representative for Elmer C. Brown, Plaintiff–Respondent,

v.

Adell BROWN, and any person or entity unknown claiming any right, title, estate or interest in or to the property described in Plaintiff's complaint, located in Canyon County, Idaho, and described as Route #1 (Lavin Street), Caldwell, Idaho, Defendants–Appellants,

and

Vivian G. Moore, Defendant.

No. 18281.

Court of Appeals of Idaho.

July 2, 1991.

Ellis, Brown and Shiels Chdtr., Boise, for appellants. Allen B. Ellis (argued).

Douglas Lee Vander Boegh, Boise, for respondent.

SWANSTROM, Judge.

Adell Brown appeals from an amended judgment awarding costs and attorney fees against her in a quiet title action which included a claim of fraud against her co-defendant, Vivian Moore. The attorney fees were awarded against the two defendants, Vivian and Adell pursuant to I.C. § 12–121. Because Adell had been dismissed as a party before the start of trial, Adell maintains that she should not be held liable for the plaintiff's costs and fees. We agree with Adell's position and reverse the award against her. We also award fees and costs on appeal to Adell.

The plaintiff, Elmer C. Brown, filed this action to quiet title to Lot 6, Block 2 of Somerset West Subdivision, located in Canyon County, in his name. The complaint alleged that Vivian, the stepdaughter of Elmer C. Brown and the daughter of Adell Brown, had made, or caused to be made, a deed purportedly signed in 1982, by Elmer, conveying his interest in Lot 6 to Adell as her separate property. By virtue of a subsequent deed from Adell to Vivian conveying her interest in Lot 6, Vivian claimed ownership of the fee. Vivian recorded the two deeds in 1985; but in 1986, Lot 6 was awarded to Elmer as his separate property in the divorce between Elmer and Adell. Elmer brought suit thereafter against Vivian to expose the forged deed and to assert his ownership rights in the property.

When Elmer died in December, 1986, the complaint was amended to substitute the personal representative of his estate as the plaintiff. The amended complaint named not only Vivian, who claimed an interest in the property adverse to the estate of Elmer C. Brown, but added as a defendant Adell, who appeared in the chain of title to the property. No claims were raised against Adell; however, the new complaint alleged additional conduct on the part of Vivian to defraud the estate. These new claims involved a second parcel of property and the plaintiff sought to quiet title to both parcels. Vivian and Adell, who were represented by the same counsel, filed one answer, generally denying all allegations and asserting that the complaint failed to state a claim entitling plaintiff to relief.

On the day of trial, counsel for Vivian and Adell stipulated that title could be quieted in the name of the plaintiff and a judgment entered for the plaintiff on that claim. At that time, counsel moved to have Adell dismissed from the balance of the

action, i.e., the claim seeking damages for fraud against the estate. In responding to this motion, plaintiff's counsel told the court:

> In regards to dismissing Adell Brown. Our complaint alleged that both parties, or excuse me. That Vivian Moore, basically, was the party to the fraud, to the forgeries on the Deeds. Adell Brown in our opinion, as we have plead [sic] it, has basically just been taken advantage of. We have maintained that position.

It is important to note that, at the time, the plaintiff's amended complaint specifically requested an award of costs and fees against Vivian only. Nothing was said at the time about plaintiff asserting or reserving any right in the future to ask for costs or fees from Adell. The court agreed with the stipulation and dismissed Adell from the action.

The court proceeded to try the claim against Vivian for fraud. The evidence included the testimony of a handwriting analyst who concluded that the signature on the May 20, 1982, deed granting title to Lot 6 to Adell was not the signature of Elmer C. Brown. Vivian, as a California notary, had executed the certificate of acknowledgment showing that it was Elmer's signature. This testimony was uncontroverted. Plaintiff also produced evidence that Elmer had not been in California on the day he supposedly had signed the deed to the lot in that state. Ultimately, the court was not convinced by the testimony of Vivian, the only defense witness, and found in plaintiff's favor.

In its findings, the court stated that Vivian had continued to assert an interest in the real property up to the time of trial, that she had attempted to defraud the estate, and that her conduct was an extreme deviation from reasonable conduct. The court concluded that title should be quieted in the plaintiff and awarded exemplary damages of $30,000 or the actual costs

incurred by the plaintiff in maintaining the three actions to forestall Vivian's assertion of an adverse interest in Elmer's real property.[1] A judgment reflecting the court's conclusions was entered on May 23, 1989.

By order dated July 20, 1989, the court revised its earlier findings and conclusions in response to defense counsel's motions. Particularly, the court made a finding that Vivian's defense of plaintiff's claims was frivolous, in bad faith and without foundation, and that substantially all costs and fees had been incurred prior to the commencement of trial. The court also set aside the award of exemplary damages and ordered relief in the form of fees and costs to the plaintiff. The court requested that plaintiff prepare an amended judgment incorporating these changes.

Plaintiff prepared an amended judgment which assessed fees and costs against "the Defendants", without naming either Vivian or Adell. This judgment contrasted with the original judgment for damages which applied only to Vivian. The amended judgment, which makes Adell equally accountable for the fees and costs incurred by plaintiff, is the subject of this appeal.

The decision of the district court to award attorney fees is discretionary. *Anderson v. Ethington*, 103 Idaho 658, 651 P.2d 923 (1982). The party disputing the award has the burden to show an abuse of discretion. *Id.* Under I.C. § 12–121, the judge may award attorney fees to the prevailing party or parties, as described in I.R.C.P. 54(d)(1)(B), and that ruling will not be overturned by an appellate court in the absence of an abuse of that discretion. *Intern. Engineering Co. v. Daum Industries*, 102 Idaho 363, 630 P.2d 155 (1981); *Evans v. Sawtooth Partners*, 111 Idaho 381, 723 P.2d 925 (Ct.App.1986); *Chadderdon v. King*, 104 Idaho 406, 659 P.2d 160 (Ct.App.1983).

1. Elmer C. Brown had filed a petition for a guardianship for Adell in 1985 and also filed for divorce from Adell in 1986. The record discloses that Elmer believed these actions were necessary to counter Vivian's influence over Adell, who lived with Vivian and apart from her husband following a hospitalization in 1985. However, we do not discuss the propriety of the original judgment since it is the subsequent amended judgment which is being challenged on this appeal.

We have previously held that dismissal of a claim may be considered as one factor in determining who is the prevailing party. *P.N. Cedar, Inc. v. D & G Shake Co.*, 110 Idaho 561, 716 P.2d 1333 (Ct.App.1986); *Chenery v. Agri–Lines Corp.*, 106 Idaho 687, 682 P.2d 640 (Ct.App.1984). The determination of the prevailing party under I.R.C.P. 54(d)(1)(B) is subject on review to the test:

> [W]here the trial court has exercised such discretion after a careful consideration of the relevant factual circumstances and principles of law, and without arbitrary disregard for those facts and principles of justice, we will not disturb that action.

*Lisher v. Krasselt*, 96 Idaho 854, 857, 538 P.2d 783, 786 (1975), *quoted in Martsch v. Nelson*, 109 Idaho 95, 100, 705 P.2d 1050, 1055 (Ct.App.1985).

■ It is clear from the record that Adell was dismissed prior to trial and did not participate in the trial, which related only to the fraud claim against Vivian. Although Adell did appear and answer in the action once she had been named as a defendant, Adell never claimed any interest adverse to Elmer. Plaintiff's amended complaint failed to assert any conduct by Adell that would establish conflicting rights in the property claimed by Elmer. The amended complaint merely recited that Adell was residing in Riverside, California, and the title against which plaintiff prayed for relief was Vivian's title, which she had procured by fraud.

The findings and conclusions which were prepared by the court and which formed the basis of the court's amended judgment made no mention of Adell. As noted earlier, plaintiff drafted the amended judgment stating that plaintiff was entitled to recover costs and fees from both defendants, although the names of the defendants did not appear in the judgment. We hold that the amended judgment against Adell was unsupported by any findings.

Following the filing of the appeal from the amended judgment, Adell submitted a motion for relief from the judgment under I.R.C.P. 60(a) and (b). The motion was denied. However, the district court entered an additional finding that Adell's defense of the action had been frivolous and without foundation. The court also found that the plaintiff was the prevailing party. Again, no findings relating to Adell existed prior to the order denying Adell relief from the judgment.

Under the facts as they appear in the record, we find no support for the district court's findings that plaintiff was the prevailing party vis-a-vis Adell who was dismissed as a party at the start of the trial. We do not hold that an award of fees and costs is never justified when a party stipulates to a dismissal; however, in this case the award of fees against Adell was an abuse of the court's discretion. The plaintiff had named Adell as a defendant in the quiet title action without alleging any acts of wrongdoing on her part. The plaintiff stipulated to dismissal of Adell from the action without making any claim against her for costs or fees. From the facts, we conclude that plaintiff cannot be a prevailing party as to Adell. Moreover, the extent of Adell's defense as described above cannot be construed as frivolous. Plaintiff has not shown any entitlement to fees and costs against Adell. Therefore, we reverse the award against Adell. We remand the case to the district court for entry of a modified judgment consistent with this opinion. The district court shall make such orders as are necessary to require return of all funds which the plaintiff has obtained from Adell by execution on the amended judgment, plus interest on the amount of those funds from the date of seizure, at the applicable legal rate of interest under I.C. § 28–22–104(1), par. 4.

Finally, we consider the parties' separate requests for attorney fees on appeal pursuant to I.C. § 12–121. When the appellate court is left with "the abiding belief that the appeal was brought, pursued or defended frivolously, unreasonably or without foundation," an award of fees and costs is appropriate. *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 918, 591 P.2d 1078, 1085 (1979); *see also* I.R.C.P. 54(e)(1).

In this appeal, we have before us in the record the amended complaint and the answer which reveal only that Adell was brought into the suit because she was in the chain of title to the disputed property. We have the dismissal of Adell by stipulation of counsel recited in the first pages of the trial transcript and the amended judgment against "defendants" (plural), which extended the liability for fees to Adell. The record also discloses that shortly after the entry of the amended judgment, the plaintiff executed against Adell's assets and satisfied the judgment in full from those funds. We conclude that the defense to this appeal by the personal representative was unreasonable. Accordingly, we award fees and costs to Adell Brown, the prevailing party in this appeal.

In summary, we reverse the order awarding costs and fees against Adell Brown. We remand for modification of the amended judgment and for entry of orders by the district court for return of funds which were taken by way of execution from Adell Brown, together with interest thereon. We award appellant Adell Brown costs and fees for this appeal.

WALTERS, C.J., and SILAK, J., concur.