874 P.2d 595

**Linda HOLMES, Plaintiff–Appellant,**

v.

**Mark HOLMES, Defendant–Respondent.**

**No. 20503.**

Court of Appeals of Idaho.

March 31, 1994.

Davison, Copple, Copple, Copple & Ludwig, Boise, for plaintiff-appellant. Jon R. Cox, argued.

Beer & Cain, Boise, for defendant-respondent. Dennis L. Cain, argued.

LANSING, Judge.

In this case we are asked to review a magistrate's disallowance of an award of attorney fees following resolution of a dispute over spousal support payments. For the following reasons, we conclude that the magistrate's order must be vacated and the matter remanded for reconsideration of the appellant's request for attorney fees.

Linda and Mark Holmes were divorced in December 1989. Prior to their divorce they executed a property settlement agreement which provided that Mark would pay spousal support to Linda at the rate of $4,250 per month through August 1992. Thereafter, the payments were to continue at a decreased rate of $2,000 per month until they would terminate in August 1993. Mark's obligation under this provision was subject to the express condition that if Linda "ceases to continue her education for any reason other than mental or physical incapacitation or act of God," the spousal support would be reduced to the sum of $2,000 per month for a period of twelve months and then terminate. The decree of divorce ordered spousal support payments on the same terms specified in the property settlement agreement. The decree also ratified and confirmed the agreement but provided that the agreement was not merged into the decree.

In January 1990, Linda began to attend university classes and was continuously enrolled from that time forward. Support payments continued as scheduled until April 1992 when Mark halted payments.

On June 9, 1992, Linda filed a motion requesting that Mark be held in contempt for non-payment of support. Linda's motion also sought a modification of Mark's visitation rights with respect to one of the parties' children. Mark responded with a countermotion to terminate spousal support on the ground that Linda was no longer continuing her education. In the proceedings on the two motions, Mark argued that the spousal support obligation created by the agreement continued only so long as Linda was enrolled as a full-time student, while Linda interpreted it to mean that as long as she was enrolled in any college course, she would be in compliance with the requirement that she continue her education. The magistrate rejected both parties' interpretations and concluded that the parties had in fact never had a meeting of the minds as to the meaning of that contractual clause. The magistrate "filled in the gap" by holding that Linda had an implied duty to pursue her education in good faith. He concluded that while Linda had not always maintained a credit load necessary to be considered a full-time student, she was making a good faith effort to complete her education. Accordingly, the magistrate found that although Mark's interpretation of the contract was reasonable, it was nonetheless incorrect, and Mark was in error when he ceased making spousal support payments. The magistrate declined to hold Mark in contempt, but ordered him to continue the support payments and to pay a $17,000 arrearage. The magistrate's order specified that failure by Mark to comply immediately would be grounds for a finding of contempt and the imposition of sanctions.

Linda then requested an award of attorney fees pursuant to a the following provision in the property settlement agreement:

> If action is instituted to enforce any of the terms of this agreement then the losing party agrees to pay to the prevailing party all costs and attorneys fees incurred in this action.

The magistrate denied Linda's request for attorney fees. The magistrate reasoned that because he did not accept either party's interpretation of the ambiguous contract, it would be unfair to characterize either party as prevailing. Linda appealed to the district court, which affirmed the magistrate's ruling.

■ On appeal from an appellate decision of the district court, while we value the district court's opinion, we independently examine the record of the proceedings before the magistrate. *Wood v. Wood,* 124 Idaho 12, 855 P.2d 473 (Ct.App.1993).

■ Contractual terms providing for recovery of attorney fees incurred in actions to enforce the contract represent an election by the parties to place the risk of litigation costs on the one who is ultimately unsuccessful. Such provisions are ordinarily to be honored by the courts. I.R.C.P. 54(e)(1); *Vaughn v. Vaughn*, 91 Idaho 544, 548, 428 P.2d 50, 54 (1967); *Bank of Idaho v. Colley*, 103 Idaho 320, 326, 647 P.2d 776, 782 (Ct.App.1982); *Industrial Investment Corporation v. Rocca*, 102 Idaho 920, 922–23, 643 P.2d 1090, 1092–93 (Ct.App.1982).

Here, the magistrate recognized that the attorney fees provision in the contract was enforceable, but concluded that neither party had prevailed. The magistrate therefore declined to award fees.

■ A trial court's determination as to which party, if any, prevailed, is discretionary. *Badell v. Badell*, 122 Idaho 442, 450, 835 P.2d 677, 685 (Ct.App.1992). The exercise of that discretion is guided by I.R.C.P. 54(d)(1)(B) which provides:

In determining which party to an action is a prevailing party and entitled to costs, the trial court shall in its sound discretion consider the final judgment or result of the action in relation to the relief sought by the respective parties, whether there were multiple claims, multiple issues, counterclaims, third party claims, cross-claims, or other multiple or cross issues between the parties, and the extent to which each party prevailed upon each of such issue or claims. The trial court in its sound discretion may determine that a party to an action prevailed in part and did not prevail in part, and upon so finding may apportion the costs between and among the parties in a fair and equitable manner after considering all of the issues and claims involved in the action and the resultant judgment or judgments obtained.

In reviewing on appeal an exercise of the trial court's discretion, we consider (1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the court acted within the boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Center, Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

■ Here, the claim for attorney fees was properly recognized to be a matter of discretion. However, under the second tier of our inquiry, we conclude that the magistrate did not apply the correct legal standards in determining whether Linda was the prevailing party on the spousal support dispute. The magistrate focused upon whether Linda's argument was accepted by the court rather than upon the factors delineated in Rule 54(d)(1)(B). That rule directs that the court compare the final judgment or result of the action in relation to the relief sought by the respective parties and, where there were multiple claims or multiple issues, the extent to which each party prevailed upon each claim or issue. Here, with respect to Linda's spousal support claim she obtained the entirety of the relief which she had sought—a determination of her entitlement to continuing spousal support and an order compelling Mark to pay a $17,000 arrearage. Only two claims grounded on the property settlement agreement were presented, Linda's claim that she was entitled to continuation of payment, and Mark's claim that his spousal support obligation had ended under the contract terms. Clearly, it was Linda who obtained the relief sought with respect to those competing claims. The conflicting spousal support motions really presented only a single issue—how to interpret the contractual provision that conditioned Linda's entitlement to spousal support upon continuation of her education. The trial court's resolution of that issue was to only Linda's benefit.

We hold that the magistrate's focus upon whether of the parties' proffered individual arguments were accepted or rejected is too narrow and does not address the factors enumerated in Rule 54(d)(1)(B). We conclude, therefore, that the magistrate did not apply the appropriate standards for the determination of which party prevailed with respect to the spousal support obligation.

■ Before determining whether this error by the magistrate requires that the order be vacated, we must consider an additional

argument, not addressed by the magistrate, which Mark contends presents an alternative reason why Linda should not be deemed the prevailing party. Mark maintains that Linda did not prevail because her motion was framed as a request that Mark be held in contempt of court for failure to make the payments, and the magistrate, while ordering Mark to cure the delinquency and make future payments, elected *not* to hold him in contempt. We cannot agree with this reasoning. The magistrate's memorandum decision and order noted that, "The parties intended that the spousal support be enforceable through the court's contempt power." Thus, the magistrate recognized, and we agree, that this was an action to enforce spousal support provisions of the property settlement agreement through utilization of the trial court's contempt power. In evaluating whether Linda obtained the relief sought, we see no substantive distinction between, on the one hand, an order finding Mark in contempt until payments are brought current and, on the other hand, an order directing Mark to immediately pay the support, and warning that noncompliance will be grounds for a finding of contempt and imposition of sanctions. Either type of order would accomplish Linda's goal of compelling payment. To conclude that Linda would have been the prevailing party under an order of the first type but did not prevail under an order of the second type would unduly honor form and disregard substance. Such a view would make the determination of who was the prevailing party turn upon the magistrate's choice of how to frame the order rather than the substantive effect of the court's decision on the rights of the parties.

■ Accordingly, we return to our initial conclusion that the magistrate failed to properly consider the standards set forth in I.R.C.P. 54(d)(1)(B) for ascertaining which party prevailed. Where a trial court has applied incorrect legal standards in exercising its discretion, we would ordinarily remand for a redetermination by the trial court, applying the correct legal criteria. *See Associates Northwest, Inc. v. Beets,* 112 Idaho 603, 733 P.2d 824 (Ct.App.1987). However, as we noted in *Chenery v. Agri-Lines Corp.,* 106 Idaho 687, 692, 682 P.2d

640, 645 (Ct.App.1984), "under some circumstances an appellate court may properly say, as a matter of law, that a party is a prevailing party as to a particular claim." *See also Platt v. Brown,* 120 Idaho 41, 44, 813 P.2d 380, 383 (Ct.App.1991) (reversing an award of attorney fees); *Yellowpine Water User's Ass'n v. Imel,* 105 Idaho 349, 352, 670 P.2d 54, 57 (1983) (same). We find this to be such a case. When the Rule 54(d)(1)(B) criteria are applied, Linda was clearly the prevailing party in the dispute over the spousal support payments.

■ Our conclusion that Linda prevailed on the spousal support claim does not automatically entitle her to an award of attorney fees, for the support issue was not the only issue raised by Linda. Her motion also requested a modification of Mark's visitation rights. Mark asserts on appeal that prior to the hearing on the parties' motions, the magistrate ruled in chambers that Linda's request for reduction of visitation would be denied. We cannot ascertain the accuracy of that characterization from the record before us which, of course, does not include a transcript of conferences in chambers. The record does suggest that the parties' dispute over visitation had been the subject of negotiations prior to Linda's motion and that this dispute was resolved by a stipulation filed before Mark brought his motion to terminate spousal support. Thus, it is not apparent whether the visitation issue was actually litigated to any significant extent and, if so, which party, if either, "prevailed" as to that issue.

■ In a multiple-claim action, the trial court is vested with discretion to determine which party prevailed overall, and may apportion costs and fees, taking into account the disposition of all claims, counterclaims or other multiple issues. I.R.C.P. 54(d)(1)(B). *International Engineering Company, Inc. v. Daum Industries, Inc.,* 102 Idaho 363, 366–67, 630 P.2d 155, 158–59 (1981); *Jones v. Whiteley,* 112 Idaho 886, 889–90, 736 P.2d 1340, 1343–44 (Ct.App.1987). Accordingly, this case must be remanded to the magistrate for reconsideration of Linda's request for attorney fees in light of the disposition of

all of the claims of the parties. In that reconsideration, Linda shall be deemed the prevailing party with respect to the spousal support issue. The magistrate may also take into consideration the extent to which Linda's request for modification of visitation was litigated and whether either party prevailed thereon.[1]

■ As the prevailing party on this appeal, Linda is entitled to recover her costs. I.A.R. 40. She also seeks an award of attorney fees incurred on this appeal. However, it would be premature to rule on that request before the magistrate determines whether Linda is the prevailing party in the litigation and is consequently entitled to an award of fees under terms of the parties' agreement. If, on remand, the magistrate awards attorney fees to Linda, the magistrate should take into account the fees that she incurred on this appeal.

The appellate decision of the district court affirming the denial of Linda's request for attorney fees pursuant to the property settlement agreement is reversed. On remand the district court shall direct the magistrate to reconsider Linda's application for attorney fees in conformity with this opinion. Costs on appeal to appellant.

WALTERS, C.J., and PERRY, J., concur.

---

1. In the alternative to her claim for attorney fees based on the parties' contract, Linda also asked the magistrate to award fees pursuant to I.C. § 32–704. Under that statute, the court may award attorney fees in a divorce proceeding based upon financial need and without regard to who prevailed. The magistrate concluded that the parties' agreement allowing recovery of attorney fees superseded and waived any entitlement under Section 32–704. The district court reversed the magistrate's decision on this issue and held that I.C. § 32–704 supersedes contractual agreements. Because there has been no appeal from that ruling of the district court, the district court's decision on the viability of a claim under Section 32–704 remains in effect in this case. Therefore, on remand, the magistrate will also be required to reconsider Linda's claim under that statute.