818 P.2d 327

**Kenneth R. BURNS and Mardale Burns, husband and wife; Boundary Aviation, Inc., Plaintiffs–Appellants,**

v.

**The COUNTY OF BOUNDARY, a political subdivision for the State of Idaho; the Board of County Commissioners in and for the County of Boundary, a political subdivision of the State of Idaho; Chester Baker; Richard Blake; Clyde Stone; and Chris Clark, the members of said Board; Defendants–Respondents.**

No. 18183.

Court of Appeals of Idaho.

Dec. 3, 1990.

Petition for Review Granted
Dec. 24, 1990.

Jenkins & Leggett, Coeur d'Alene, for appellants. Janet E. Jenkins argued.

Randall W. Day, Bonners Ferry, for respondents.

WINMILL, Judge Pro Tem.

This is an appeal from an order of the district court awarding attorney fees to the plaintiffs, Kenneth and Mardale Burns and Boundary Aviation, Inc.,[1] in a breach of contract action. We are asked to deter-mine whether the district court abused its discretion in not including in the award all attorney fees incurred in Burns' suit against the county. For reasons set forth below, we affirm the district court's order.

Effective May 9, 1983, Burns entered into a fixed-base operator agreement and an airport manager contract with the Boundary County Board of Commissioners for the operation of the Boundary County airport. The airport manager contract was for a five-year term and the fixed-base operator agreement was for a term of fif-teen years.

The working relationship between Burns and the commissioners was less than har-monious. Many disputes arose and ulti-mately the commissioners decided to termi-nate the airport manager contract and to replace Burns as manager of the airport.

Burns filed suit on September 16, 1986, to prevent the commissioners from termi-nating the airport manager contract. An alternative writ of mandate was issued by the district court requiring the commission-ers to reinstate the contract or show cause why they had not done so by October 14. The commissioners ignored this order and at a meeting on September 22, 1986, ap-pointed a temporary manager of the air-port.

On September 24, Burns filed an amend-ed complaint seeking damages from the county and injunctive relief to prevent the continuing breach of the contract. On the same day, the district court issued a tempo-rary restraining order enjoining the com-missioners from terminating the airport manager agreement until a hearing, sched-uled for October 14, could be held. After the hearing, the district court granted Burns a preliminary injunction precluding the county's termination of the airport manager contract.

The contract was never terminated and it expired by its terms on May 9, 1988, while Burns' breach of contract action was pend-ing. In his action for damages, Burns claimed the county was liable for breach of contract, asserted a claim of bad faith in

---

1. For ease of identification we will refer to the plaintiffs in the singular as "Burns."

the termination of the contract, and requested damages under 42 U.S.C. § 1983 for violation of his constitutional rights. Burns not only claimed damages in the form of lost business profits and emotional distress but also requested punitive damages.

Burns' claim for damages went to trial and on April 26, 1989, the district court issued its ruling. The court concluded that the county had breached the airport manager contract and that Burns was entitled to $45 in damages. The court ruled that the county was entitled to a judgment dismissing Burns' remaining claims. The court also concluded that Burns was entitled to an award of attorney fees incurred in obtaining the preliminary injunction to remedy the commissioners' default under the airport manager contract. However, the court concluded that the county was the prevailing party on Burns' remaining claims and did not award attorney fees incurred after the issuance of the preliminary injunction. Burns appeals from the district court's decision limiting the award of attorney fees to those incurred in obtaining injunctive relief. We find no error in the district court's determination and affirm the award of attorney fees.

In Idaho, attorney fees may be awarded only when provided for by contract or by statute. I.R.C.P. 54(e)(1); *Hellar v. Cenarrusa*, 106 Idaho 571, 682 P.2d 524 (1984). In this case, paragraph XVII of the airport manager agreement provides:

It is agreed that should either of the parties hereto default in any of the covenants, terms, or conditions hereof, *the party in default will pay all costs and expenses that may arise from the enforcing of this agreement, either by suit or otherwise, including a reasonable attorney's fee.* [Emphasis added.]

The district court found this provision applicable and awarded Burns attorney fees for pursuing injunctive relief from the commissioners' breach of the airport manager contract but concluded that Burns was not the prevailing party on his suit for damages and therefore was not entitled to attorney fees incurred in pursuing those claims. Burns argues that the district court improperly bifurcated his claims and thereby abused its discretion in so limiting the award of attorney fees.

In those instances where attorney fees can properly be awarded, the award rests in the sound discretion of the court and the burden is on the disputing party to show an abuse of discretion in the award. *Anderson v. Ethington*, 103 Idaho 658, 651 P.2d 923 (1982); *Palmer v. Idaho Bank & Trust of Kooskia*, 100 Idaho 642, 603 P.2d 597 (1979). In reviewing an exercise of discretion, the appellate court conducts a three-stage inquiry:

The sequence of the inquiry is (1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the court acted within the outer boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason.

*Associates Northwest, Inc. v. Beets*, 112 Idaho 603, 605, 733 P.2d 824, 826 (Ct.App. 1987) (citing Standards of Appellate Review in State and Federal Courts, § 3.4, IDAHO APPELLATE HANDBOOK (Idaho Law Foundation, 1985)). Here the district court properly identified the award of attorney fees as a matter of discretion. We turn therefore to the question of whether the court's discretion was governed by particular legal standards.

Burns argues that the district court exceeded the outer boundaries of its discretion by distinguishing between his claim for injunctive relief and his claims for damage finding that he prevailed on the former but not the latter. Burns contends that the injunctive relief he sought, coupled with his damages action, were simply two separate legal theories constituting one breach of contract "claim" upon which he was the prevailing party. From Burns' view of the proceedings, the district court improperly limited his attorney fees to those incurred in "preliminary pretrial proceedings."

Burns suggests that the district court's action violates rules set down by this Court

in *Associates Northwest, Inc. v. Beets,* 112 Idaho 603, 733 P.2d 824 (Ct.App.1987) and *Nalen v. Jenkins,* 113 Idaho 79, 741 P.2d 366 (Ct.App.1987). In *Associates* and *Nalen,* we recognized that, under modern pleading practice, a plaintiff may advance alternative theories relating to an alleged set of facts. However, individual theories should not be seen as isolated parts of the case, framed by their own encapsulated facts, but as different ways to obtain one specific recovery—a single claim. From this view, we held that when attorney fees are allowed under I.R.C.P. 54(e)(1), either by statute or contract, the amount should not be calculated based upon individual prevailing theories.

We see nothing in our decisions in *Associates* and *Nalen* which bears upon this case. Here, the district court distinguished, not between two separate theories supporting a single claim for relief, but between two entirely separate claims—one seeking equitable injunctive relief and the other seeking damages in an action at law. Our rules of procedure envision that a district court may distinguish between separable claims in awarding costs, I.R.C.P. 54(d)(1)(B), and attorney fees, I.R.C.P. 54(e)(2). Under this procedure, we conclude that it was proper for the court to consider claims separately in awarding attorney fees.

The final question on review is whether the district court reached its decision by exercise of reason. Burns suggests that because he prevailed on his damages action for breach of contract to the extent of receiving a judgment for $45, the district court acted unreasonably in concluding that he was not entitled to an award of attorney fees under the terms of the contract. We disagree.

Under Rule 54(e)(1), a court may award attorney fees to the prevailing party, as determined in accordance with Rule 54(d)(1)(B), when provided for by contract. In deciding which party "prevailed," Rule 54(d)(1)(B) requires the court to consider three areas of inquiry: (1) the final judgment or result obtained in the action in relation to the relief sought by the respec-

tive parties; (2) whether there were multiple claims or issues between the parties; and (3) the extent to which each of the parties prevailed on each of the issues or claims. *Chadderdon v. King,* 104 Idaho 406, 659 P.2d 160 (Ct.App.1983). In applying this standard, the district court is not required to simply award attorney fees to any party who obtained a monetary judgment, no matter how paltry. Rather, the court is allowed to consider the presence and absence of awards of affirmative relief and determine which party, on balance, prevailed in the action. *See Odziemek v. Wesely,* 102 Idaho 582, 634 P.2d 623 (1981); *Chadderdon v. King, supra; Burnham v. Bray,* 104 Idaho 550, 661 P.2d 335 (Ct.App. 1983).

Burns prevailed in his equitable claim for injunctive relief and was awarded attorney fees in that endeavor. However, on his remaining claims in which he sought recovery of $1,000,000, he obtained a judgment for $45 on his breach of contract theory while the other claims were dismissed. Given these circumstances, we cannot conclude that the district court acted unreasonably in determining that Burns did not prevail in his damage action. Accordingly, we conclude that the district court did not abuse its discretion in limiting the award of attorney fees to those incurred in obtaining injunctive relief.

The decision of the district court is affirmed. Costs to respondents.

WALTERS, C.J., and SWANSTROM, J., concur.