**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39060**

| | |
|---|---|
| JOHN B. KUGLER, | 2012 Unpublished Opinion No. 532 |
| Plaintiff-Appellant, | Filed: June 22, 2012 |
| v. | Stephen W. Kenyon, Clerk |
| RON NELSON, | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Defendant-Respondent, | |
| and | |
| EDWIN F. PRATER, DAVID J. POWERS, WILLIAM J. ARMSTRONG, and STEVEN L. KENNISON, | |
| Defendants. | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Randy J. Stoker, District Judge.

Order granting summary judgment, <u>reversed</u>; award of attorney fees, <u>vacated</u>; and <u>case remanded</u> for further proceedings.

John B. Kugler, Tacoma, Washington, pro se appellant.

Wright Brothers Law Office, PLLC; Brooke B. Redmond, Twin Falls, for respondent. Brooke B. Redmond argued.
_____

GRATTON, Chief Judge

John B. Kugler appeals from the district court's grant of summary judgment in favor of respondent. We reverse.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

From the record which exists, it appears that in April 2002 Nelson took a managerial position with H & M Distributing, Inc., and received stock in H & M as part of his employment. Nelson also signed onto the existing stock subscription and cross-purchase agreement

1

(stockholders agreement). In February 2005, Nelson agreed to purchase an additional twenty shares of stock from the corporation. On or about May 2, 2005, Nelson's purchase of the twenty shares was finalized. On May 6, 2010, Kugler filed a complaint naming Nelson and the other stockholders of H & M as defendants, seeking damages for breach of the stockholders agreement. Kugler's complaint alleged that Nelson breached the agreement by purchasing shares of H & M stock without following the required contractual prerequisites.

Nelson filed an answer and a motion for summary judgment. The matter was set for hearing and, after multiple continuances, a hearing was held on March 14, 2011. The district court concluded that there was no genuine issue of material fact to support Kugler's claim against Nelson and, alternatively, that Kugler's suit was barred by the statute of limitations. The court granted Nelson's motion for summary judgment and included an Idaho Rule of Civil Procedure 54(b) certificate certifying the order as final. *See* I.R.C.P. 54(b).

Nelson then filed a motion for attorney fees and multiple motions were filed by Kugler, including a motion to reconsider and an objection to attorney fees. After a hearing, the district court denied Kugler's motion to reconsider and granted Nelson's motion for attorney fees. An order and judgment was entered on Nelson's motion for attorney fees and an order was entered denying Kugler's motions. Both of the orders included Rule 54(b) certificates certifying the orders as final. Kugler timely appeals.

## II.

## DISCUSSION

Kugler lists thirteen issues in his opening brief that can be summarized as follows: (1) the district court erred in granting summary judgment in favor of Nelson; (2) the district court erred when it found, in the alternative, that Kugler's suit was time-barred; (3) the district court abused its discretion when it failed to allow Kugler to file an amended complaint; and (4) the district court abused its discretion by awarding attorney fees to Nelson.[1] Nelson argues that Kugler has failed to show that the district court erred.

---

[1] Kugler also seems to briefly argue that the notice of and order allowing the withdrawal of his counsel may not have complied with the procedural requirements of Idaho Rule of Civil Procedure 11. However, Kugler does not specify what defects the notice and order suffer from. Indeed, the order itself is not included in the record, and Kugler only states that the notice and order's compliance "cannot be determined from the record." It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *Powell v.*

2

## A.    Summary Judgment

Kugler first argues that the district court erred by granting summary judgment in favor of Nelson.  Nelson argues that Kugler has failed to affirmatively identify any disputed issues of fact that would preclude summary judgment and, therefore, the district court's decision should be affirmed.

We first note that summary judgment under I.R.C.P. 56(c) is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law.  *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986).  When assessing a motion for summary judgment, all controverted facts are to be liberally construed in favor of the nonmoving party.  Furthermore, the trial court must draw all reasonable inferences in favor of the party resisting the motion.  *G & M Farms v. Funk Irrigation Co.*, 119 Idaho 514, 517, 808 P.2d 851, 854 (1991); *Sanders v. Kuna Joint School District*, 125 Idaho 872, 874, 876 P.2d 154, 156  (Ct. App. 1994).

The party moving for summary judgment initially carries the burden to establish that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law.  *Eliopulos v. Knox*, 123 Idaho 400, 404, 848 P.2d 984, 988 (Ct. App. 1992).  The burden may be met by establishing the absence of evidence on an element that the nonmoving party will be required to prove at trial.  *Dunnick v. Elder*, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct. App. 1994).  Such an absence of evidence may be established either by an affirmative showing with the moving party's own evidence, or by a review of all the nonmoving party's evidence and the contention that such proof of an element is lacking.  *Heath v. Honker's Mini-Mart, Inc.*, 134 Idaho 711, 712, 8 P.3d 1254, 1255 (Ct. App. 2000).  Once such an absence of evidence has been established, the burden then shifts to the party opposing the motion to show, via further depositions, discovery responses, or affidavits, that there is indeed a genuine issue for trial or to

---

*Sellers*, 130 Idaho 122, 127, 937 P.2d 434, 439 (Ct. App. 1997).  In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error.  *Id.*

offer a valid justification for the failure to do so under I.R.C.P. 56(f). *Sanders*, 125 Idaho at 874, 876 P.2d at 156.

The United States Supreme Court, in interpreting Federal Rule of Civil Procedure 56(c), which is identical in all relevant aspects to I.R.C.P. 56(c), stated:

> In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citations omitted). The language and reasoning of *Celotex* has been adopted in Idaho. *Dunnick*, 126 Idaho at 312, 882 P.2d at 479.

Kugler's complaint alleges that "at the time of or after each [stockholder] acquired stock in the corporation each individual executed a stockholders agreement restricting the sale of stock and requiring each and every stockholder to first offer his shares for sale to the other stock owners . . . . Additionally any stockholder was permitted to acquire any of the stock that was not acquired by the other remaining stockholders." He further alleges that the H & M stock Nelson purchased was sold without notice to or permission from Kugler, in violation of the agreement. The relevant portion of the agreement provided:

> Limitations On Shares. No shareholder shall encumber or dispose of all or any part of the shares in the corporation to which he has now subscribed or may hereafter acquire, without the written consent of all the other shareholders, or, in the absence of such written consent, without first giving to all the other shareholders and to the corporation at least sixty (60) days written notice of his intention to make any such disposition. Within the sixty (60) day period, a meeting of the shareholders shall be called by the corporation, of which all the shares of the shareholder desiring to make any such disposition shall be offered for sale and shall be subject to the option on the part of each of the other shareholders to purchase a proportionate share, at the same price offered by a bona fide prospective purchaser of such shares. If any shareholder entitled to purchase shares fails to accept his ratable offer, either in whole or in part, any other such shareholder may purchase the shares not so accepted. In the event all the shares so offered for sale are not purchased by the other shareholders, then all restrictions imposed by this agreement upon such shares shall forthwith terminate.

4

Nelson argues that the agreement provides that only sellers are required to give notice of a proposed sale, not purchasers. Therefore, Nelson, as the purchaser in the transaction, had no obligation to give notice of the sale. As a result, Nelson argues the district court properly found that Kugler failed to provide proof of an essential element of his breach of contract claim. Even if we assume, however, that Nelson's interpretation of the notice requirements is correct, the stockholders agreement also provides that after notice of a proposed sale is given "a meeting of the shareholders shall be called by the corporation" within sixty days. Thus, the agreement's language does not clearly limit responsibility for following proper procedures in a sale of H & M stock to the selling shareholder, as Nelson contends.

Kugler provided a stock subscription agreement, signed by Nelson in 2002, by which Nelson agreed to abide by the stockholders agreement in exchange for shares of stock received as part of his employment contract. The record does not reveal precisely what Nelson's role was in the corporation; nor does it reveal who was generally responsible for calling corporate meetings. But Kugler's affidavit avers that Nelson was employed by H & M as general manager at the time of the transaction, and also that Nelson held stock in the corporation prior to the asserted 2005 transaction. The stockholders agreement, by its terms, requires "the corporation" to call a meeting prior to any such sale and, thus, questions remain as to the shareholders' duty, and apparent failure, to call and hold a corporate meeting prior to the sale. Nelson, as a shareholder or manager of the closely-held corporation, may have owed a duty, either because of his position or simply as any shareholder to cause the corporation to hold the required meeting. Nelson was certainly aware of the agreement terms and was party to the transaction. In light of Kugler's allegations, the language of the agreement, and constrained as we are to draw all reasonable inferences in favor of the nonmoving party, we hold that there is a genuine issue of material fact as to whether or not Nelson breached the stockholders agreement when he purchased H & M stock without compliance with the terms of the agreement.

**B.     Statute of Limitations**

Kugler next argues that the district court erred when it found his claim was time-barred. Pursuant to Idaho Code § 5-216, an action upon any contract, obligation, or liability founded upon an instrument in writing must be filed within five years of the accrual of the cause of action. A cause of action for breach of contract accrues upon breach for limitations purposes. *See Simons v. Simons*, 134 Idaho 824, 830, 11 P.3d 20, 26 (2000); *Cuevas v. Barraza*, 146 Idaho

511, 517, 198 P.3d 740, 746 (Ct. App. 2008). This is true even though no damage may occur until later. *See Mason v. Tucker and Associates*, 125 Idaho 429, 436, 871 P.2d 846, 853 (Ct. App. 1994).

Nelson's affidavit claims that he agreed to purchase the H & M stock on February 2, 2005, and that the purchase was finalized on or about May 2, 2005. Kugler filed his complaint on May 6, 2010, which Nelson asserts is four days late for statute of limitations purposes. However, Kugler presented evidence that the corporate records, as of 2007 or 2008, contain no record of any sale of stock between the company and Nelson. Nelson has not provided any documentation that would customarily accompany a sale of stock, i.e., a buy-sell agreement, canceled check, etc., or anything else by which the dates of the transaction can be confirmed. Furthermore, Kugler avers in his complaint that the stock sale at issue was between Nelson and Prater, another stockholder. But he later mentions two transactions occurring, a sale from Prater to the corporation, and another from the corporation to Nelson. Nelson's affidavit states that the stock he purchased in May 2005 was purchased from the corporation, which is in conflict with Kugler's initial assertion. The record reveals no additional information clarifying the number or timing of the stock transfers at issue. Considering Kugler's assertions and the lack of evidence concerning the transaction, in the corporate records and elsewhere, Kugler has cast some doubt on the timing and number of transactions and the accuracy of Nelson's dates. As such, there exists a question of fact regarding when the transactions at issue occurred.

Moreover, Kugler also alleges that the stock transaction was fraudulently concealed from him by the other shareholders of the corporation, including Nelson. The district court never considered as part of its statute of limitations analysis whether or not fraudulent concealment may toll the statute of limitations in a breach of contract action. While we express no opinion as to the merits of the question, we simply note that on remand the district court may take up the issue. In summary, a genuine issue of material fact exists as to the timing of the stock sale to Nelson. Therefore, the district court erred in dismissing Kugler's complaint on the ground that it was time-barred.

## C.    Amended Complaint

Kugler also contends that the district court erred by refusing to enter an order granting leave to amend. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine:  (1) whether the lower court correctly

perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Center, Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

On December 20, 2010, Kugler filed a motion for leave to amend. Kugler sought to amend his complaint to include allegations of events that occurred in 2009 and 2010 concerning a sale of the H & M stock Nelson had acquired in 2005. However, the affidavits filed with the motion provided little guidance to either the district court or Nelson as to what claims Kugler sought to add. At a hearing on January 3, 2011, the district court expressed concern over these procedural defects. Subsequently, Kugler hired counsel to assist him and at another hearing on January 31, 2011, the district court advised Kugler's counsel as follows:

> [T]here is a motion pending to amend the complaint in this case to further plead what Mr. Kugler claims is his cause of action. That matter has never been ruled on one way or the other. [Counsel], I think you need to examine that issue first because the pleadings in this case are woefully inadequate and it would certainly help frame the issues here to find out exactly the time frame in which this claimed cause of action arose so we could deal with the statute of limitations issue.

By the time the March 28, 2011, summary judgment hearing arrived, however, Kugler had yet to propose an amended complaint to address the procedural defects and state new claims. At the hearing, the following exchange occurred:

> Court: There was a motion granted to allow him to file an amended complaint in this case. That has never happened. Is there a comment on that?
>
> Counsel: There is, Your Honor. I'm trying to determine what I can and cannot share with the court. I did prepare an amended complaint, but suffice it to say, I don't have authority to file that for my client.
> . . . .
> Court: Does that include specific instructions not to file an amended complaint or responsive brief to this summary judgment motion?
>
> Counsel: Yes, Your Honor.

The district court at the March 28 hearing was clearly operating under the mistaken belief that it had previously granted Kugler's motion to amend his complaint. The district court's misapprehension was certainly understandable, as there were multiple discussions during prior hearings regarding the inadequacies of Kugler's pleadings and instructions from the court to remedy those inadequacies. Throughout the course of this case, the district court made concerted

7

efforts to allow Kugler the opportunity to file an amended complaint prior to entering summary judgment. Nevertheless, the district court ultimately never ruled on Kugler's motion to amend, but proceeded with summary judgment on the mistaken belief that it had. Under the circumstances, the district court should take the opportunity to address Kugler's motion to amend on remand.[2]

## D.     Attorney Fees

Kugler also argues that the district court erred by awarding attorney fees to Nelson. Nelson argues that the district court's award was proper. We review a district court's award of attorney fees for an abuse of discretion. *See Sun Valley Shopping Center,* 119 Idaho at 94, 803 P.2d at 1000; *Nguyen v. Bui*, 146 Idaho 187, 193, 191 P.3d 1107, 1113 (Ct. App. 2008).

The district court awarded Nelson costs and attorney fees as the prevailing party, pursuant to I.R.C.P. 54(d)(1) and (e)(1). Because this case is being remanded to the district court, however, it can no longer be said that Nelson is the prevailing party. *See Crown Point Development, Inc. v. City of Sun Valley*, 144 Idaho 72, 78, 156 P.3d 573, 579 (2007). Therefore, we vacate the district court's award of attorney fees to Nelson.

## E.     Attorney Fees on Appeal

Nelson also requests attorney fees on appeal pursuant to I.C. §§ 12-120 and 12-121. Attorney fees may be awarded under I.C. § 12-120(3) in an action involving breach of contract in a commercial transaction. An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party, and such an award is appropriate when the court is left with the abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation. *Rendon v. Paskett*, 126 Idaho 944, 945, 894 P.2d 775, 776 (Ct. App. 1995). Nelson is not the prevailing party on appeal and is, therefore, not entitled to an award of attorney fees.

## III.

## CONCLUSION

Kugler presented sufficient evidence to create a genuine issue of material fact as to whether or not Nelson breached a duty owed to Kugler as a shareholder of the corporation. Kugler also presented sufficient evidence to create a genuine issue of material fact as to whether or not his claim is time-barred. Therefore, the district court erred by granting summary judgment

---

[2]     We express no opinion as to whether or not the district court should allow Kugler to amend his pleadings on remand.

in favor of Nelson and by determining, in the alternative, that Kugler's claim was time-barred. The district court's grant of summary judgment is reversed; its award of attorney fees is vacated; and the case is remanded for further proceedings. No attorney fees are awarded on appeal.

Judge LANSING and Judge GUTIERREZ **CONCUR.**